IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT REAMY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    09-CV-266-PJC |
| | ) | |
| FERGUSON PONTIAC, GMC | ) | |
| (BROKEN ARROW) a/k/a FERGUSON | ) | |
| ADVANTAGE IMPORTS and | ) | |
| FERGUSON MANAGEMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment filed by Defendants Ferguson

Pontiac-GMC, LLC, and Ferguson Management Group (collectively referred to as "Ferguson")

(Dkt. #20). Ferguson contends that it is entitled to summary judgment on Plaintiff Robert

Reamy's ("Reamy") breach of fiduciary duty claim under ERISA, 29 U.S.C. §1104(a)(1)(B),

against it for failing to submit his application for health insurance coverage and refusing to pay

his medical claims under Ferguson's employee benefits plan ("Plan").  Ferguson asserts that the

undisputed facts establish that Reamy knowingly and intentionally declined coverage under the

Plan.

**Standard of Review**

Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is

appropriate where "there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Windon Third Oil & Gas v. FDIC*,

805 F.2d 342, 345 (10th Cir. 1986).  In *Celotex,* the Supreme Court stated:

> [t]he plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion,
> against a party who fails to make a showing sufficient to establish
> the existence of an element essential to that party's case, and on
> which that party will bear the burden of proof at trial.

477 U.S. at 322.

A party opposing a properly supported motion for summary judgment must offer

evidence, in admissible form, of specific facts sufficient to raise a "genuine issue of material

fact." *Anderson*, 477 U.S. at 247-48.

> The mere existence of a scintilla of evidence in support of the
> plaintiff's position will be insufficient; there must be evidence on
> which the jury could reasonably find for the plaintiff.

*Id*. at 252.  Thus, to defeat a summary judgment motion, the nonmovant "must do more than

simply show that there is some metaphysical doubt as to the material facts." *Matsushita v.*

*Zenith*, 475 U.S. 574, 585 (1986).

In essence, the inquiry for the Court is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." *Anderson*, 477 U.S. at 250.  In its review, the Court  must construe

the evidence and inferences therefrom  in a light most favorable to the nonmoving party.

*Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1521 (10th Cir. 1992).

**Analysis**

Ferguson contends that the undisputed facts establish that Reamy knowingly and

intentionally declined health insurance under the Plan because he was insured through his wife's

employer which provided insurance for the entire family.  In support, Ferguson cites the

following:  Ferguson hired Reamy as a car salesman on August 14, 2004.  Upon his hiring,

Reamy  filled out and signed the "Ferguson Management Insurance Application Form"

("Application").  In the first box of the Application, Reamy filled out his personal information

and identified himself as married.  Reamy completed the second and third boxes as set forth

below:

| | |
|---|---|
| INITIAL HERE IF YOU WISH TO DECLINE COVERAGE: <u>RLR for now</u>_____ | Spouses Employer: <u>RSS energy</u>_____ Spouses Ins. Carrier: <u>atnea [sic]</u>_____ |
| Does Your Spouse Have Medical Coverage Through His or Her Employer? <br> yes | If Your Spouse Has Coverage Does it Cover Dependents Also? <br> yes |

**Medical Coverage**

Employee Only     ☒       Employee + Spouse     ☐

Employee + Children     ☐       Employee and Family     ☐

Ferguson asserts that the Application thus shows that Reamy declined health insurance coverage

under the Plan.

In further support of its contention that Reamy intended to decline coverage under the

Plan, Ferguson states the following:

> 1)  At the time Plaintiff was hired by Ferguson, he was already insured through
> his wife.
> 2) Plaintiff remained insured through his wife for eleven (11) months after he was
> hired at Ferguson.
> 3) Immediately before working for Ferguson, Plaintiff worked for Fowler Dodge
> (another car dealership).  Plaintiff declined health insurance at this company as
> well because he had spousal coverage.

*Defendant's Motion for Summary Judgment, p. 4 and Exs. 3 and 4* (Dkt. #20).

Reamy denies that he declined free health insurance coverage for himself under the Plan.

Rather, the Application indicates his intent to decline coverage for his spouse and children and

seek health insurance benefits for himself only.  He testified that he was separated from his wife in August 2004 and had no contact with her when he went to work for Ferguson and assumed he had no insurance coverage under her employer at the time of his Application and on or about December 1, 2004 when he became eligible for free insurance coverage under the Plan.   Thus, he applied for and assumed he had free health insurance coverage under the Plan when he was shot in an attempted car jacking robbery on August 4, 2005.

He further asserts that he contacted his sales manager, Charles Anderson ("Anderson"), at Ferguson on August 5, 2005, requesting that a copy of his insurance card be faxed to St. John Medical Center, and Anderson faced the requested information to St. John at 11:53 a.m. that day. It was not until Reamy left the hospital that Ferguson informed him that it would not be providing coverage for his medical bills totaling $18,412.00 as Reamy had declined coverage in August of 2004.

The Court has reviewed the briefs, exhibits and applicable law and concludes that the question of whether Reamy declined the free health insurance benefits under Ferguson's Plan is in dispute and thus a matter for the trier of fact.  The Application is ambiguous as to whether Reamy was declining coverage only for his spouse and children or for them and himself and thus is not dispositive on summary judgment.  Neither is it dispositive that Reamy remained insured under his wife's health insurance for eleven months after he went to work for Ferguson as he and his wife testified that they had no contact during that period, including at the time of his Application and at the time of his eligibility for insurance coverage under the Plan.

As the Court finds genuine issues of material fact, the Court **DENIES** Ferguson's Motion for Summary Judgment (Dkt. #20).

This matter is set for Pretrial Conference on June 17, 2010 at 9:30 a.m.  At that time, the

Court will consider the issues, if any, remaining in Defendants' Motions in Limine (Dkt. #24).

IT IS SO ORDERED, this 1st day of June, 2010.


Paul J. Cleary
United States Magistrate Judge