IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT REAMY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-266-PJC |
| ) | |
| FERGUSON PONTIAC, GMC (BROKEN ) | |
| ARROW), a/k/a FERGUSON ADVANTAGE ) | |
| IMPORTS and FERGUSON MGT., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The Court has two motions before it that are ripe for adjudication: First, the Motion to Dismiss for Lack of Standing [Dkt. No. 33] filed by Defendants Ferguson Pontiac, GMC (Broken Arrow), a/k/a Ferguson Advantage Imports, and Ferguson Management (collectively "Ferguson"). Second, the Motion to Amend [Dkt. No. 34] of Plaintiff Robert Reamy ("Reamy"), in which Reamy seeks to add a common law negligence claim to the lawsuit. These motions were filed shortly before Pretrial Conference and only weeks before the scheduled trial. Because of the late filing, the Court converted the Pretrial Conference into a hearing on the motions.

For the reasons set forth below, the Motion to Amend is **DENIED a**nd the Motion to Dismiss is **GRANTED**.

## I. *Factual and Procedural History*

Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 (hereafter, "ERISA" or "the Act"), 29 U.S.C. § 1001, *et seq*. A brief factual and procedural history is in order to explain the present posture of the case. Plaintiff Reamy was employed by Ferguson from August 14, 2004, until September 21, 2005. At the start of his employment Reamy filled out a form regarding company-sponsored health insurance. The parties disagree as to what Reamy indicated about his desire for company insurance. Ferguson contends that Reamy declined insurance coverage for himself and family members.[1] Reamy contends that the form makes clear that he wanted insurance coverage for himself only.[2]

After satisfying a required 90-day waiting period, Reamy became eligible for company insurance on Nov. 14, 2004. Were he enrolled, insurance coverage would have begun on Dec. 1, 2004. It is not disputed that Ferguson never enrolled Reamy in the company insurance program.

On August 5, 2005, Reamy was shot during a car-jacking that was unrelated to his employment. He was hospitalized and underwent surgery. When he submitted medical claims for payment he was told that he did not have health insurance because he was never enrolled in the Ferguson health insurance

---

[1] Reamy's spouse had health insurance coverage through her own employment insurance plan.

[2] On June 1, 2010, the Court denied Ferguson's Motion for Summary Judgment, finding that there are genuine issues of material fact as to whether or not Reamy affirmatively declined health insurance. [Dkt. No. 30].

plan. The issue in this dispute is *why* Reamy was not enrolled: Ferguson contends it is because Reamy declined coverage; Reamy contends it is because Ferguson breached its fiduciary duties under ERISA and failed to enroll him as he requested.

Reamy first filed suit in the District Court for Tulsa County, Oklahoma. *Robert Reamy v. Ferguson Pontiac, GMC (Broken Arrow), a/k/a Ferguson Advantage Imports*, Case No. CJ-2007-05055 (Tulsa County Dist. Ct. filed August 7, 2007). There Reamy alleged that his employer, Ferguson Pontiac, GMC (Broken Arrow), had been negligent in not properly completing and submitting his application form and, thus, failed to secure him company health insurance as he requested. On April 11, 2008, Defendant -- represented by the same law firm as in this case – filed a Special Entry of Appearance and Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative Motion to Dismiss for Plaintiff's Failure to State a Claim Upon Which Relief can be Granted ("State Motion to Dismiss"). Defendant argued that Reamy's negligence claim was subject to "complete preemption" under section 502(a) of ERISA, 29 U.S.C. § 1132(a). Defendant contended that "state common law causes of action asserting improper processing of a claim for benefits under an employee benefit plan regulated by ERISA are preempted by the act." State Motion to Dismiss at 8. Citing many of the same cases that Ferguson cites in support of its pending motion herein, the Defendant argued that "Plaintiff's cause of action is completely preempted by ERISA because it falls with (sic) the scope of section 1132(a)(2) which provides

3

that a participant or beneficiary may bring a claim for appropriate relief under section 1109, Liability for Breach of Fiduciary Duty." State Motion to Dismiss at 10.

Confronted with this motion, Reamy on May 6, 2008, voluntarily dismissed his Tulsa County lawsuit without prejudice. One year later Reamy initiated the present action in federal court ("the federal action") asserting only a claim for breach of fiduciary duties under ERISA. [Dkt. No. 2].

After the dispositive motion deadline and shortly before scheduled pretrial, Ferguson moved to dismiss the federal action asserting that Reamy lacks standing to bring a claim under ERISA because he does not qualify as a plan participant, and, since standing is a jurisdictional prerequisite, this court lacks subject matter jurisdiction and may not proceed. [Dkt. No. 33]. In response, Reamy filed a Motion to Amend, seeking to add a common law claim for negligence – essentially the same claim that he had first asserted in Tulsa County District Court. [Dkt. No. 34]. Ferguson responds that this Court lacks original jurisdiction over Reamy's ERISA claim, under 28 U.S.C. § 1367 and, thus, may not exercise supplemental jurisdiction over a common law negligence claim. *E.g.*, *Auburn Medical Center, Inc. v. Sue Bell Cobb*, 567 F. Supp. 2d 1333, 1340 (M.D.Ala. 2008); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (Dismissal of federal claims means there never was a valid claim within the court's original jurisdiction to which the state claim may be supplemental.).

4

## II. *Applicable Legal Principles*

### A. Amendment

A party may amend its pleading once as a matter of course within 21 days of serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15(A)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)(2). The rule further provides that leave to amend should be freely given "when justice so requires." *Id.*

### B. ERISA Standing

Among other purposes, Congress enacted ERISA to protect participants in employee benefit plans and their beneficiaries. 29 U.S.C. § 1001(b),(c); *see also* Peter J. Wiedenbeck, *ERISA in the Courts* at 17 (Federal Judicial Center 2008) (hereafter, "Wiedenbeck"). The primary method for enforcing ERISA is the civil enforcement provision of ERISA § 502 (29 U.S.C. § 1132). Under this section, individuals with standing may bring a civil action to enforce the provisions of the Act. 29 U.S.C. § 1132(a)(1). To have standing an individual must be either a participant in, or a beneficiary of, an ERISA plan.[3] *Id*. To be a "participant" in an ERISA Plan, one must be:

---

[3] Reamy claims standing as a participant in the Plan. Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Lack of Standing at 2-3. [Dkt. No. 37].

5

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7).

To assert standing as a former employee, the claimant must "have … a reasonable expectation of returning to covered employment" or have "a colorable claim" to vested benefits. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (quoting *Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir.) (*per curiam*), *cert. denied*, 479 U.S. 916 (1986)). The parties agree that Reamy has no expectation of returning to work at Ferguson; therefore, his claim to be a plan participant depends solely on whether or not he has a "colorable claim to vested benefits."

### III. *Discussion*

#### A. Amendment

Courts generally refuse a motion to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Untimeliness alone is sufficient reason to deny leave to amend. *Id.* (citing *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). The Court finds that the Motion to Amend should be **DENIED** because of untimeliness and futility.

6

The Court entered its Scheduling Order in this matter on Jan. 13, 2010. That Order indicated that the deadline to join parties or amend the pleadings had already passed. [Dkt. No. 18]. The Motion to Amend was filed June 4, 2010 – five months after the Scheduling Order was entered and only three weeks before the scheduled trial date. The proposed amendment is clearly untimely, coming so soon before scheduled trial. It cannot be claimed that the negligence claim is based on newly discovered evidence, since the same claim was asserted in Tulsa County District Court in 2007. Thus, the Motion to amend may be denied on this ground alone. More important, however, is the fact that the proposed amendment would be futile. Under Oklahoma law, the limitations period for bringing negligence claims is two years. 12 Okla. Stat. Ann. § 95(A)(3) (actions for injury to the rights of another, not arising on contract). *See O'Neal v. Black & Decker Mfg. Co.*, 523 P.2d 614, 615 (Okla. 1974) (holding that negligence claims and manufacturer products liability claims are governed by the same two-year statute of limitations). Thus, any new negligence claim would only extend back to June 2008 (measured from time of amendment) or May 2007 at the earliest (measured from the initial filing of the federal action). Therefore a negligence claim based on conduct occurring before May 2007 would be time-barred. Reamy terminated his employment with Ferguson in September 2005 – the last conceivable date of any negligent act. Accordingly, permitting amendment to add a negligence claim would be futile since any such claim would be time-

barred.  *E.g.*, *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (affirming trial court's finding of futility based on limitations).

For these reasons, the Plaintiff's Motion to Amend is **DENIED**.

**B.  ERISA Standing.**

To assert a claim under ERISA, Reamy must have standing.  Reamy's assertion of standing is based on his contention that he is a participant as defined by the Act and may become eligible for benefits under the Plan.  To meet this standard, Reamy must establish a colorable claim that (1) he will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future.  *Firestone Tire*, 489 U.S. at 117-18.  Reamy contends that he has a colorable claim because he has already survived Ferguson's motion for summary judgment on the merits.  However, Ferguson contends that Reamy cannot be a participant because he has no claim to "vested benefits" since he was never enrolled in the Ferguson insurance program.

Reamy is not seeking plan benefits in this lawsuit.  It is conceded that Reamy was never enrolled in the Ferguson insurance program; thus, he has no claim to insurance benefits.  Rather, Reamy's claim is for damages caused by Ferguson's alleged failure to enroll him in the insurance program.  These theories of recovery may have nearly identical measures of damages, but they are fundamentally different with respect to ERISA standing.

One who is enrolled in an ERISA plan and contends he was not paid benefits to which he was entitled clearly has standing under ERISA.  However,

there is a split of opinion as to the legal standing of one who claims that he was not enrolled in an ERISA plan because of misconduct by the Plan administrator. Some courts have held that if a defendant's misconduct caused a former employee to lose ERISA plan participant status, this is sufficient to give the former employee standing to challenge the fiduciary violation. *E.g., Shea v. Esensten*, 107 F.3d 625, 628 (8th Cir. 1997); *Swinney v. Gen. Motors Corp.*, 46 F.3d 512, 518-19 (6th Cir. 1995). As the Third Circuit has stated:

> A plan administrator's alleged ERISA violation should not be the means by which the plan is able to insulate itself from suits arising from the alleged violation. We will not read ERISA so myopically. As the Sixth Circuit observed, "ERISA should not be construed to permit the fiduciary to circumvent his ERISA-imposed fiduciary duty in this manner." [*Swinney*, 46 F.3d at 518-91] Therefore, in the proper case, we may find that a plaintiff has statutory standing if the plaintiff can in good faith plead that she was an ERISA plan participant or beneficiary and that she still would be but for the alleged malfeasance of a plan fiduciary.

*Leuthner v. Blue Cross and Blue Shield of Northeastern Pennsylvania*, 454 F.3d 120, 129 (3d Cir. 2006), *cert. denied*, 549 U.S. 1206 (2007). It appears that a majority of the circuits that have addressed this issue have expanded standing to include claimants who would have become participants in an ERISA plan "but for" the misconduct of a plan administrator. Wiedenbeck, *supra*, at 185. Unfortunately for Reamy, the Tenth Circuit is not one of these circuits. The Tenth Circuit strongly adheres to the opposite view. In *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146 (10th Cir. 2004), *cert. denied,* 545 U.S. 1149 (2005), the Court expressly rejected "but for" standing "[b]ecause there is no controlling case law or

9

statutory language to support such a 'but for' exception to find ERISA standing where the plaintiff is not technically entitled to the … benefit under the … plan." *Id.* at 1160 (noting the split among the circuits).  The Court later emphasized its position on this issue in *Chastain v. AT&T*, 558 F.3d 1177 (10th Cir. 2009).  In analyzing a claim for "but for" standing in light of *Felix* and *Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1535 (10th Cir. 1993),   the Court said this:

> This court, however, has expressly rejected the doctrine of "but for" standing.  The appellants attempt to distinguish *Raymond* and *Felix* on the basis that the plaintiffs in those cases sought damages rather than benefits already owed to them….  While the appellants correctly assert that this case presents different factual circumstances, those circumstances are irrelevant to the analysis.  <u>Our prior cases did not reject 'but for' ERISA standing within a particular context.  Our cases rejected the entire doctrine.</u>

*Chastain*, 558 F.3d at 1183 (citations omitted) (emphasis added).

This view can lead to harsh results.  In *Condray v. Unum Life Insurance Company of America*, 2009 WL 1312515 at *3 (W.D. Okla. May 7, 2009), for example, claimant did everything required of her to continue her life insurance coverage after she left her employment.  However, the employer's benefits administrator erred in not timely submitting the claimant's paperwork to the Insurer and coverage was rejected.  Following claimant's death, Unum rejected a claim for life insurance benefits and the representative of the estate filed suit.  The Court found this a "classic 'but/for' claim" of the sort that the Tenth Circuit has repeatedly rejected.  *Id.* at *3.  Consequently, the Court found claimant lacked standing to assert an ERISA claim.  The Court noted, however, that:

10

> [T]he plaintiffs' claims against [employer] for negligently discharging the duty it assumed to handle and process its employee's insurance application, arising independently of the ERISA plan, would presumably remain.

*Id.*

Reamy's claim herein is akin to that asserted in *Condray* – that is, that "but for" Ferguson's alleged misconduct Reamy would have been a participant in the Ferguson insurance plan and entitled to benefits.  The Tenth Circuit has spoken clearly on this sort of claim and consistent with that view Reamy lacks standing to bring an ERISA claim because he is not a participant as required by the Act.

Reamy counters that in *Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380 (10th Cir. 1997) the Tenth Circuit ratified this Court's recognition of the sort of claim he advances here.  But *Smith* has little relevance to this case.  First, *Smith* did not address the issue of ERISA standing.  *Smith* offers no guidance on the key issue presented in Ferguson's Motion to Dismiss.  Second, *Smith* involved adequacy of notice under the Consolidated Omnibus Budget Reconciliation Act (COBRA), not ERISA.  Finally, even if *Smith* were relevant on the questions presented in this lawsuit, the decision pre-dated the Tenth Circuit opinions in *Felix,* and *Chastain*.  Thus, *Smith* does not impact the Court's analysis of the issue at hand.

Whether Reamy may still pursue the negligence claim he first asserted in

Tulsa County District Court is a matter for that court to determine.[4]

### IV. *Summary*

Having determined that Reamy is not, and was not, a participant in the Ferguson ERISA plan, and that Tenth Circuit law does not permit standing based on a "but for" analysis, the Court holds that Reamy does not have standing to bring a claim to recover benefits under ERISA § 502(a). The requirement of § 502 is not just a standing requirement, but a subject matter jurisdictional requirement as well. *Felix*, 387 F.3d at 1160 fn. 14. Thus, because Reamy lacks standing under ERISA, this Court is without subject-matter jurisdiction. Consequently, Ferguson's Motion to Dismiss must be **GRANTED**. Accordingly, this case is hereby dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

For the reasons set forth above, Reamy's Motion to Amend is **DENIED**.

**IT IS SO ORDERED** this 29th day of June 2010.

Paul J. Cleary
United States Magistrate Judge

---

[4] This conjures up Judge Heaton's concern in *Condray*:

> It would be a perverse result indeed if ERISA, a statute enacted to "promote the interests of employees and their beneficiaries in employee benefit plans" was applied to preclude *any* relief to plaintiffs where [the employee] undisputedly did exactly what her employer required in order to seek continued benefits.

*Id.* at fn.9 (citations omitted).